# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| OPUS EAST, L.L.C. *et al.*,[1] ) | |
| ) | Case No. 09-12261 (MFW) |
| Debtors. ) | |
| ) | (Jointly Administered) |

**RE: Docket No. 171**

## ORDER EXTENDING THE DEADLINE PURSUANT TO SECTION 365(D)(1) OF THE BANKRUPTCY CODE TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF RESIDENTIAL REAL AND PERSONAL PROPERTY

1. Jeoffrey L. Burtch, Trustee in the above captioned cases, has filed a Motion of Trustee to Extend Time to Assume or Reject Executory Contracts and Unexpired Leases of Residential Real Property and Personal Property Pursuant to Section 365(d)(1) of the Bankruptcy Code and Delaware Local Bankruptcy Rule 9006-2 (the "Motion").

2. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. 1334; this is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Proper Notice of the Motion has been given.

4. The Motion is granted solely to the extent set forth herein and is without prejudice to any other issues or disputes. The Trustee has shown cause for the requested extension under 11 U.S.C. § 365(d)(1) for each of the Debtors' executory contracts and unexpired leases identified on the Exhibit A attached hereto and for any and all documents governing or relating to equity interests held by any Debtor and/or relating to investments by such Debtor (collectively, the "Contracts and Leases").

5. The time within which the Trustee has to assume, assume and assign, or reject any

---

[1] The Debtors in these proceedings are: Opus East, L.L.C., Mercer Corporate Center, Apple Valley II, L.L.C., APG I, L.L.C., APG II, L.L.C. and 100 M Street, L.L.C.

and all of the Contracts and Leases is extended through and including April 27, 2010, except as set forth in paragraph 8 below.

6. This Order is not a finding that any or all of the Contracts and Leases were not expired as of the petition date of July 1, 2009; and the rights of all the parties to each of the Contracts and Leases are reserved with respect to that issue. This Order is further without prejudice to the rights of any party to argue that the Debtors were not a party to one or more of the Contracts and Leases. This Order is further without prejudice to the rights of any party to argue that with respect to one or more of the Contracts and Leases, that there is no legally binding contract or lease, or that any such lease is not for residential real estate, or that such lease or contract has already been assumed and assigned or rejected. This Order is further without prejudice to any argument that any of the Contracts and Leases is not executory in nature.

7. Entry of this Order shall be without prejudice to the rights of the Trustee to request further extensions of the time to assume or reject the Contracts and Leases as provided in section 365(d)(1) of the Bankruptcy Code; and without prejudice to third parties to oppose such further requests for extensions.

8. With respect to the Real Estate Sales Contract and Escrow Agreement dated as of January 2, 2008 (collectively, the "Albrittain Agreements") by and between Sydney E. Albrittain and Anthony J. Offutt, Co-Trustees of the TJO Trust, and Christopher Albrittain, Michael L. Albrittain, and Warren S. Albrittain, Co-Trustees of the Albrittain Family 2002 Trust (collectively, the "Sellers") and Opus East, L.L.C. (the "Purchaser"), the parties have consented and it is hereby ordered that the deadline for the Chapter 7 Trustee to file a motion seeking, or to otherwise obtain, approval to assume and assign the Albrittain Agreements is extended to and including March 17, 2010, which deadline shall not be further extended. If the Chapter 7 Trustee

has not sought approval by that date to assume and assign the Albrittain Agreements, the Albrittain Agreements will be deemed to be rejected in accordance with 11 U.S.C. § 365(g), and the Sellers will be relieved from the automatic stay provisions of 11 U.S.C. § 362(a) in order to pursue their remedies under the Escrow Agreement.

9. With respect to the Cross-Motion of Vollers Excavating & Construction, Inc. ("Vollers") for F.R.B.P. 2004 Examination of Debtors Opus East, LLC and Mercer Corporate Center, LLC With Respect to Mercer Corporate Center Project in Hamilton, New Jersey ("Vollers' Cross Motion") and the Chapter 7 Trustee's Response to Vollers' Cross-Motion, it is hereby ordered that Vollers shall not seek to depose or take any discovery from the Chapter 7 Trustee and (b) the Chapter 7 Trustee's request for an award of expenses against Vollers under Fed. R. Civ. P. 37(a)(5)(B) is withdrawn.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: February 3, 2010

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE